### EASTHAM v. PHIPPS et al.　(No. 9092.)

Court of Civil Appeals of Texas. Galveston.
Jan. 12, 1928.

Rehearing Denied Feb. 2, 1928.

**Appeal and error ⟨&⟩ 1135—Where, on appeal, no error is shown, judgment will be affirmed.**

Where no error is shown on appeal, judgment will be affirmed.

Appeal from Walker County Court; P. H. Singeltary, Judge.

Action by H. G. Eastham against M. S. Phipps and another. From the judgment, plaintiff appeals. Affirmed.

Dean & Humphrey, of Huntsville, for appellant.

J. B. Leigh, of Navasota, for appellees.

GRAVES, J. Appellant sued herein upon a $600 note and chattel mortgage securing it, executed by appellee Phipps in favor of the Huntsville Motor Company, a copartnership, which he had acquired by purchase and assignment from the latter. Phipps defended upon the ground that the two instruments were invalid because procured from him by the fraud of the motor company, of which the appellant was advised before so acquiring them, and that with such full knowledge he bought them after maturity, wherefore he was not an innocent purchaser thereof for value. The appellee Vann, by cross-action against the appellant, declared upon a subse-

quently dated mortgage from Phipps to himself upon the chattels involved—that is, a concrete mixer and accessories—as having been delivered to him in a different county, where the property then and at all later dates had been located, for valuable consideration, in due course of trade, without notice of other existing claims against it, etc.

Trial before the court without a jury resulted in a judgment in appellant's favor against appellee Phipps for $150, but decreeing that he take nothing on his prayer for a foreclosure of the alleged mortgage against either adverse party, and that appellee Vann's mortgage thereon was a valid and subsisting one. In doing so the court stated findings to the general effect (1) that appellant had acquired the note and mortgage after maturity; (2) that the mortgage in his hands was void for the fraud of the motor company, acting through its managing partner in having induced its execution by Phipps under representations and agreements they did not then intend to carry out to give him the construction of a concrete floor for them in Hunstville and also to take over and carry out for his benefit—to the extent of 25 per cent. of all profits after expenses had been paid—a certain subcontract he held for the building of a public road in Walker county; (3) that the motor company did not carry out either of these contracts, nor would it permit Phipps to carry out upon his part the one for the construction of the concrete floor, which he otherwise would have done, and that, had the motor company carried it out, Phipps could and would have thereby earned enough to pay off the portion of the indebtedness evidenced by the note and mortgage for which he was liable, which did not exceed one-fourth thereof, or $150, since the entire amount therein evidenced was for material and supplies used in carrying on the contract which the motor company's managing partner had so agreed to take off of Phipps' hands; (4) that Phipps had later in Grimes county, Tex., executed his note and mortgage on the same property to Vann, substantially as alleged by the latter.

Conclusions of law were appended to the effect that the mortgage in appellant's hands was void on account of the stated fraud and misrepresentation inducing its execution; that he could not recover as an innocent holder of the lien for value, having acquired the note and mortgage after maturity; that Vann's mortgage consequently became the first lien on the property, but that Phipps, having been at the date of his note and mortgage to the motor company indebted to them on open account in the sum of $150, was, in like manner, indebted to appellant as the holder of that indebtedness for that amount.

The appeal challenges each and all of the findings of fact so summarized as being without sufficient evidence to support them, but, after a careful review of the statement of facts, we are unable to say that any of these contentions can be sustained. While there has been some doubt in our minds as to whether the taking over of the road subcontract was shown to be the undertaking of the motor company copartnership, or merely the individual one of its managing partner, we conclude that the former was a justifiable inference from all the circumstances, especially since no denial of that as a fact was made; in any event, however, that is an immaterial matter and cannot affect the judgment, there being in our opinion ample supporting evidence for the finding of fraud as to the flooring contract.

These conclusions require an affirmance of the trial court's judgment. There being no cross-assignment by the appellee Phipps attacking the money judgment against him, that order will be entered.

Affirmed.